UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00990-MEMF-SSC | Date | March 6, 2026 |
| Title | *Javad Rahemzadeh v. Kristi Noem et al* | | |

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DKT. NO. 2]**

The Court is in receipt of the Petitioner Javad Rahemzadeh's Motion for Temporary Restraining Order and Motion for Preliminary Injunction, Dkt. No. 2 ("Motion"), and the Respondents' Response to the Motion, Dkt. No. 8 ("Response"). In the Response, Respondents state that they "do not have an opposition argument to present." Response at 2.

The Court, having reviewed the record and finding good cause under the applicable temporary restraining order and preliminary injunction standards, hereby GRANTS IN PART Petitioner's Motion. Petitioner's request for a temporary restraining order is GRANTED. This Court will rule on the request for a preliminary injunction following the Order to Show Cause hearing described below. The Court therefore ORDERS:

1. Respondents are ORDERED to release Petitioner from custody (and return to him his personal belongings) within forty-eight (48) hours,[1] and they may not redetain him without compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and 8 U.S.C. § 1231.

2. Respondents are enjoined from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

3. Respondents shall not impose any release restrictions on Petitioner, such as electronic

---

[1] This Court understands, based on Respondents' representations from hearings in similar immigration habeas cases, that Respondents believe that forty-eight hours is a reasonable amount of time to effectuate release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00990-MEMF-SSC | Date | March 6, 2026 |
|---|---|---|---|
| Title | *Javad Rahemzadeh v. Kristi Noem et al* | | |

monitoring, unless deemed necessary at a future pre-deprivation bond hearing.[2]

4. The parties shall meet and confer and file a joint status report regarding the Respondents' compliance with this Order by Wednesday, March 11, 2026.

5. The Court orders Respondents to show cause, in writing, as to why a preliminary injunction should not issue according to the following schedule:
   a. Respondents' brief is due at 5 PM on Friday, March 13, 2026. Petitioner may file a response brief by Wednesday, March 18, 2026.
   b. The parties may stipulate to a different briefing schedule via joint stipulation filed by 5 PM on Wednesday, March 11, 2026. Should the parties wish to extend either briefing deadline, the parties should also stipulate that this temporary restraining order may remain in effect (without converting to a preliminary injunction) through this Court's decision on the preliminary injunction.
   c. The parties' briefing on the preliminary injunction should address whether the granting of this TRO renders the PI request, and the habeas petition itself, moot.

6. The parties shall meet and confer and file a joint status report regarding the Respondents' compliance with this Order by Wednesday, March 11, 2026.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk

---

[2] Restraints not shared by members of the public renders an individual in custody within the meaning of 28 U.S.C. § 2241. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 351 (1973) (holding that a person is in custody if the person "is subject to restraints 'not shared by the public generally'" and the person's "freedom of movement rests in the hands of state judicial officers"); *Jones v. Cunningham*, 371 U.S. 236, 238-39 (1963) (finding that the "chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail. Yet English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement"). As such, prospective release restrictions, such as electronic monitoring constitute liberty constraints which do not afford petitioners complete relief.